## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| CONSTANCE LORRAINE, | ) | Case No.  3:16-cv-00409-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | |
| | ) | January 10, 2017 |
| NORMAN L. WALLIN, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:     Katie Lynn Ogden     REPORTER:            FTR

COUNSEL FOR PLAINTIFF:  Constance Lorraine (Telephonically)

COUNSEL FOR DEFENDANTS:   Michael Lehners (Present obo: Norman L. Wallin);

Kevin Sheppard (Pro Se, Telephonically); Aaron Waite (Telephonically obo: Santander

Consumer USA, Inc.)

**MINUTES OF PROCEEDINGS: Status Conference**

10:05 a.m.  Court convenes.

Today's conference is scheduled to address several motions pending before the court.

The court first addresses defendant Wallin's Motion for Order to Show Cause
(ECF No. 10).  After hearing from counsel and Ms. Lorraine, the court does not find it can grant
any relief in favor of Mr. Wallin concerning his motion for order to show cause because the
document that prohibits ghost-lawyering applies to members of the bar–not *pro se* parties.
Therefore, defendant Wallin's motion (ECF No. 10) is **DENIED**.

The court next addresses Plaintiff's "Motion to Stop Defendant from Attempts to
Repossess Plaintiff's 2015 Fiat" (ECF No. 38).  Ms. Lorraine confirms that the 2015 Fiat
("vehicle) is the vehicle she claims to have been coerced into buying and is the subject of this
lawsuit.  However, Ms. Lorraine states for the record that she does not intend to return the
vehicle back to the dealership.  In addition, Ms. Lorraine represents she does not wish to have the

1

Minutes of Proceedings
3:16-cv-00409-MMD-WGC
January 10, 2017

court order the sales transaction of the vehicle void, although the court notes that is one of the many prayers for relief Ms. Lorraine lists in her complaint (ECF No. 4, pg. 15, ¶ 6).

Mr. Waite on behalf of defendant Santander Consumer USA, Inc. ("Santander") reports to the court that an order has been entered in the Third District Court, Lyon County, State of Nevada, Case No. 16-CV-0670 ("State Court Case") enjoining the Defendants from repossessing the vehicle.  Mr. Waite explains his client has placed a hold on any action to repossess the court at this time because of the order entered in the State Court Case.

After hearing from Mr. Waite and Ms. Lorraine, the court does not find an injunction or retraining order is appropriate under Fed. R. Civ. P. 65.  Additionally, the court does not find that it is within the subject matter of this lawsuit where Plaintiff attempts to declare the sale transaction of the vehicle void to now attempt to enjoin the repossession of the vehicle. Furthermore, in view of Mr. Waite's representations, Santander will not seek repossession of the vehicle until the State Court Case order restricting the Defendants from repossessing the vehicle is again addressed by the State Court.  Therefore, in view of the court's findings, Plaintiff's motion (ECF No. 38) is **DENIED**.

The court next addresses Plaintiff's "Motion for Removal of Action Under 28 U.S.C. ¶ 1441(b) Federal Question" (ECF No. 32).  Ms. Lorraine indicates that the State Court judge suggested Plaintiff remove the State Court Case to the United States District Court for the District of Nevada.  The court explains to Ms. Lorraine that when removing a State case to Federal jurisdiction, the notice of removal shall be filed as a new action and not submitted as a motion or filing within a case already established in federal court.  Therefore, in light of Ms. Lorraine submitting her motion to remove in the instant case, the motion (ECF No. 32) is **DENIED** as improperly filed and shall be stricken from the record.  The court advises Ms. Lorraine she is not precluded from attempting to remove the State Court Case to the Federal jurisdiction, but in order to do so she must properly submit the notice of removal in a new action.

In view of the court's order to deny Plaintiff's motion to remove, defendant Santander's Motion to Remand (ECF No. 40) is **DENIED as moot**.

The court next addresses Plaintiff' "Motion for Leave to Amend Claim and for Joinder of Additional Defendant" (ECF No. 13), which fails to include a copy of the proposed amended complaint.  Ms. Lorraine is advised that, pursuant to LR 15-1, she must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading.  Therefore, Plaintiff's motion to amend (ECF No. 13) is **DENIED without prejudice**.  Ms. Lorraine is advised she may re-file the motion for leave to amend, but reminds her to attach a complete copy of the proposed amended complaint to the motion.

Minutes of Proceedings
3:16-cv-00409-MMD-WGC
January 10, 2017

     The court directs the courtroom deputy to update the docket with Plaintiff's correct phone number and Mr. Sheppard's email address.  Furthermore, the courtroom deputy is instructed to mail Ms. Lorriane and Mr. Sheppard a hard copy of the docket sheet with the minutes of proceedings.

     There being no additional matters to address at this time, court adjourns at 10:45 a.m.

               DEBRA K. KEMPI, CLERK OF COURT

               By: _____/s/_____
                    Katie Lynn Ogden, Deputy Clerk